UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JORGE VILA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06-CV-02143 (RBW) |
| ) | |
| INTER-AMERICAN INVESTMENT ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR CERTIFICATION
PURSUANT TO 28 U.S.C. § 1292(b)**

Pursuant to 28 U.S.C. § 1292(b), Defendant Inter-American Investment Corporation respectfully moves for certification of the Court's Order and Memorandum Opinion of February 22, 2008 (the "Order") for interlocutory appeal. In support of this motion, Defendant states that the Order involves controlling questions of law as to which there are substantial grounds for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. The grounds for the motion are discussed more fully in the Memorandum of Points and Authorities attached hereto. A proposed order also accompanies the motion.[1]

WHEREFORE, Defendant respectfully requests that this Honorable Court certify its Order for interlocutory appeal and provide such other relief as the Court deems proper.

---

[1] Pursuant to Local Rule 7(m), counsel for Defendant conferred with counsel for Plaintiff regarding this motion by telephone on April 25, 2008. Plaintiff's counsel represented that Plaintiff will oppose the motion.

-2-

                                        Respectfully Submitted,

                                        /Nancy L. Perkins

*Of Counsel:*                          Nancy L. Perkins (D.C. Bar No. 421574)
                                        Jennifer Risen (D.C. Bar No. 486559)
Sarah Fandell                      ARNOLD & PORTER LLP
Rafael Díaz Loyola              555 Twelfth Street, N.W.
Inter-American Investment Corporation     Washington, D.C.  20004
1300 New York Ave., N.W.       (202) 942-5000
Washington, D.C.  20577
(202) 623-3947                    *Counsel for Defendant*
                                        *Inter-American Investment Corporation*

April 28, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JORGE VILA,<br><br>    Plaintiff,<br><br>  v.<br><br>INTER-AMERICAN INVESTMENT<br>CORPORATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:06-CV-02143 (RBW)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION FOR CERTIFICATION
PURSUANT TO 28 U.S.C. § 1292(b)**

Defendant Inter-American Investment Corp. ("IIC") submits this memorandum in support of its motion for certification pursuant to 28 U.S.C. § 1292(b) ("Section 1292(b)").

**INTRODUCTION**

In the interest of judicial economy and efficiency, this Court should certify its Order of February 22, 2008 (the "Order") for appeal. In the Order, the Court dismissed all but one of the purported causes of action asserted by Plaintiff Jorge Vila ("Vila"): the cause of action for unjust enrichment. The IIC has appealed as of right from the Order's denial of the IIC's motion to dismiss that cause of action based on the IIC's immunity from suit.[2] (IIC Notice of Appeal, March 21, 2008.) The Order also rejected the IIC's

---

[2] *See Rendall-Speranza v. Nassim*, 107 F.3d 913, 916 (D.C. Cir. 1997); *KiSKA Constr. Corp-U.S.A. v. Wash. Metro. Area Transit Auth.*, 167 F.3d 608, 610-11 (D.C. Cir. 1999); *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-45 (1993).

defense to Vila's unjust enrichment claim based on the applicable statute of limitations. Because the statute of limitations issue involves a controlling question of law as to which there is a substantial ground for difference of opinion, and because consideration by the Court of Appeals of that issue may materially advance the ultimate termination of the litigation, certification of the Order under Section 1292(b) is appropriate and legally justified.

Accordingly, the IIC respectfully submits that the Court should certify the Order for interlocutory appeal.

## PROCEDURAL BACKGROUND

Vila initiated this action against the IIC, an international organization designated by the President of the United States as "immun[e] from suit and every form of judicial process," 22 U.S.C. § 288a(b), on October 26, 2006. Vila's complaint alleges that the IIC failed to compensate him for services allegedly performed during the period January to August 2003. (Compl. ¶ 4.) The complaint asserts four purported causes of action, including unjust enrichment. (Compl. at 1.)

The IIC moved to dismiss all of Vila's claims based on, *inter alia*, its immunity to suit under the IIC Charter[3] and the International Organizations Immunities Act, 22 U.S.C. §§ 288-288k. With respect to the claim for unjust enrichment specifically, the IIC asserted not only the immunity defense, but also that the claim was barred by the applicable three-year statute of limitations.

---

[3] Agreement Establishing the Inter-American Investment Corporation, done at Washington, D.C., Nov. 19, 1984, entered into force, March 23, 1986, T.I.A.S. No. 12087.

In the Order, the Court granted the IIC's motion to dismiss with respect to all of Vila's claims but for the claim of unjust enrichment. The Court held that the IIC had waived its immunity to that claim and that the claim was timely filed because the applicable three-year limitations period did not begin to run until November 4, 2003. Order at 16.

Pursuant to its right to an immediate appeal from the rejection of its immunity defense, the IIC filed a notice of appeal from the Order on March 21, 2008. (D.E. #15.) This motion seeks an order of this Court certifying for appeal its denial of the IIC's statute of limitations defense, in order to facilitate concurrent review by the Court of Appeals of both of the dispositive defenses to the sole remaining claim in this action.

## ARGUMENT

An order is subject to certification if (1) the "order involves a controlling question of law," (2) there is a "substantial ground for difference of opinion" as to that issue, and (3) "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). All three criteria are met here.

### A.     The Order Involves Controlling Issues of Law.

A controlling question of law is one that "would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources." *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 19 (D.D.C. 2002) (internal quotation marks and citation omitted). Controlling questions of law include those that would "terminate an action if the district court's order were reversed," as well as those that otherwise "may involve a

procedural determination that may significantly impact the action." *APCC Servs. v. Sprint Commc'ns*, 297 F. Supp. 2d 90, 96 (D.D.C. 2003) (citations omitted).

There is no question that the Order's ruling regarding the IIC's statute of limitations defense involves a controlling question of law under these standards. If that ruling is reversed, this action will be terminated. In similar circumstances, numerous courts in different jurisdictions have recognized that statutes of limitations questions are "controlling" for purposes of Section 1292(b). *See, e.g., Sperling v. Hoffmann-La Roche, Inc.* 24 F.3d 463, 465 (3d Cir. 1994) ("[T]he issue of whether filing of the original complaint in this action tolled the statute of limitations . . . involves a controlling question of law . . . ."); *Rodriguez v. Banco Cent.*, 917 F.2d 664, 665 (1st Cir. 1990); *Mest v. Cabot Corp.*, No. Civ.A. 01-4943, 2004 WL 1058155 (E.D. Pa. May 10, 2004), at *1 ("Whether the discovery rule tolls the statute of limitations of Plaintiffs' claims is clearly a controlling question of law."); *Atl. City Elec. Co. v. Gen. Elec. Co.*, 207 F. Supp. 613, 621 (S.D.N.Y. 1962) (same). Indeed, immediate appellate resolution of questions involving statutes of limitations was one of the principle objectives behind the enactment of Section 1292(b). *See* S. Rep. No. 85-2434 (1958), *as reprinted in* 1958 U.S.C.C.A.N. 5255, 5256 (stating that the denial of a motion "that the claim is barred by the statute of limitations" is an order to which the statute would apply). *See generally Katz v. Carte Blanche Corp.*, 496 F.2d 747, 753-56 (1974) (discussing the objectives and legislative history of Section 1292(b)).

### B. There Is a Substantial Ground for Difference of Opinion As To a Controlling Issue of Law.

Under Section 1292(b), an order may be certified for appeal if it involves a single controlling issue as to which there is a substantial ground for difference of opinion. A "dearth of precedent within the controlling jurisdiction" or "conflicting decisions in other circuits" is often sufficient to establish a substantial ground for difference of opinion. *APCC Servs.*, 297 F. Supp. 2d at 97. There is scant precedent and apparently conflicting decisions in other circuits as to when the statute of limitations begins to run on an unjust enrichment claim in circumstances such as those alleged by Vila.

Vila's claim for unjust enrichment is based on the allegation that he rendered valuable services to the IIC from January to August 2003 for which the IIC refused to pay. (Compl. ¶ 4.) In determining whether the statute of limitations barred that claim, the Court relied almost exclusively on *News World Communications, Inc. v. Thompsen*, 878 A.2d 1218 (D.C. 2005), noting *Thompsen*'s statement that " '[u]njust enrichment occurs when: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust.' " Order at 15 (quoting *Thompsen*, 878 A.2d at 1222).[4] Citing *Thompsen*, the Court reasoned that "the claim accrues when 'the enrichment becomes unjust,' which is the point at which services have been rendered *and* payment is refused." *Id*. at 15-16 (citing *Thompsen*, 878 A.2d at 1223 (alterations in original)) (emphasis added). At the same time, the Court also relied on *Thompsen*'s statement that "[a] 'cause

---

[4] As stated in *Thompsen* and also quoted by this Court, " 'it is undisputed that the statute of limitations begins to run when a claim accrues.' " Order at 15 (quoting *Thompsen*, 878 A.2d at 1222).

of action [for unjust enrichment] accrues upon presentment and subsequent rejection of a bill for services, *or* as soon as the services were rendered.' " *Id*. at 17 (quoting *Thompsen*, 878 A.2d at 1223) (internal citations omitted) (emphasis added). As the Order thereby reflects, *Thompsen* is ambiguous as to whether the statute of limitations begins to run on an unjust enrichment claim for services rendered when those services have been completed (and enriched the defendant), or, rather, it begins to run only when payment for those services has subsequently been refused.

The court in *Thompsen* did not need to resolve this ambiguity, because it was clear from the facts there that the plaintiff had both completed her services for the defendant *and* that the defendant had refused to pay for those services more than three years before the plaintiff filed her suit. *See Thompsen*, 878 A.2d at 1225. But the court specifically noted that this ambiguity existed, and that, in a case where a refusal to pay was not communicated so soon after completion of services, or indeed was not communicated at all, the ambiguity would need to be addressed. The court observed:

> Given the state of the record in this case, we need not decide whether the statute of limitations would have begun to run if the last service had been rendered, but if the Times had not communicated to Ms. Thompsen its refusal to compensate her.

*Thompsen*, 878 A.2d at 1225 n.7.

In this case, as alleged by Vila, the IIC *did* communicate its refusal to compensate him, both before October 26, 2003 (three years before the filing of his complaint) and after that date. The Court, however, did not find the pre-October 26, 2003 refusals "sufficiently unequivocal" to trigger commencement of the limitations period for an unjust enrichment claim because they suggested that Vila might be compensated for

- 6 -

"some work" on a "success fee" basis pursuant to a future contract. Order at 16. Specifically, the Court found that the IIC's communications to Vila dated August 28, 2003 and September 12, 2003 indicated that, "while he would not be compensated for some work, he would be compensated for other work performed," and that there was "the possibility of Vila receiving a success fee for some of his work.") *Id*. (citing Pl.'s Mem., Ex. 7 (Email # 262, Aug. 28, 2003 email from Steven Reed to Jorge Vila, and Email # 264, Sept. 12, 2003 email from Steven Reed to Jorge Vila)).

The first of the pre-October 26, 2003 communications cited by the Court stated, in pertinent part:

> You have done a considerable amount of work on Safra and *I want to make sure your assignment is clarified and documented*. We expect to sign the Safra agreement soon. I will ask Michael Apel to *prepare terms of reference and a contract for this assignment* so that when Safra instructs us to go to market, *an agreement with you will be in place*. I need to confirm this with Jacques but I don't see a problem. You will be compensated on a success fee.

Pl.'s Mem., Ex. 7 (Email # 262, Aug. 28, 2003 email from Steven Reed to Jorge Vila) (emphasis added).

The second communication stated that:

> Your contract expired last year. I don't understand how you expected compensation on any basis other than a success fee for cofinancing services when a deal was closed. The retainer was eliminated and the compensation after that was based exclusively on a success fee basis. However, even that contract expired in 2002.
>
> I know from my own conversations directly with you that this was the clear understanding. I am in Uruguay but will be back in Washington next week. I would like to speak with you when I return because I am completely confounded by your position.

Pl.'s Mem., Ex. 7 (Email # 264, Sept. 12, 2003 email from Steven Reed to Jorge Vila).

The Court held that there was a legally significant distinction, for statute of limitations purposes, between these communications and the November 4, 2003 communication from an IIC representative to Vila stating:

> The IIC cannot process any payment for consulting services that is not supported by a formal agreement with defined terms and conditions, and also with the corresponding budget coverage. This procedure is required by the policies that rule this international public law institution, which I understand you know due to having maintained formal contractual relationships with the IIC at different times. Our records indicate that your last contractual term ended on 31 December 2002.

Pl.'s Mem., Ex. 2 (Translated Nov. 4, 2003 email from Alejandra Vallejo to Jorge Vila).

Although this latter communication does not refer to the possibility of payment under a future contract on a success fee basis, it also does not refute the suggestion that such payment might be possible. Nor do any of the other, later communications from the IIC that are incorporated by reference in the Complaint refute the possibility of compensation for Vila based on a new contract providing for a success fee. Thus, it is questionable, under *Thompsen*, when Vila's purported cause of action for unjust enrichment accrued, if the IIC's communications with Vila from August and September of 2003 were not clearly refusals to pay because they left open the possibility of compensation under a future contract providing for a success fee. In other words, to the extent that Vila was given a potential promise of compensation that precluded accrual of his unjust enrichment cause of action prior to November 4, 2003, that potential promise continued to exist thereafter because, on the facts alleged in his Complaint, Vila was

- 8 -

never unequivocally told that he would not be compensated under a future contract based on a success fee.

Given the allegations of the Complaint, there is, therefore, a substantial ground for difference of opinion as to whether Vila's unjust enrichment cause of action accrued "as soon as the services were rendered." *Thompsen*, 878 A.2d at 1223. The *Thompsen* court discussed and cited numerous cases in which other courts applied the "last services rendered" test for accrual of an unjust enrichment cause of action, including in circumstances where there was no clear refusal to pay. *See Thompsen*, 878 A.2d at 1223-34 (discussing and citing, *inter alia*, *Baer v. Chase*, 392 F.3d 609 (3d Cir. 2004); *Zic v. Italian Gov't Travel Office*, 149 F. Supp. 2d 473 (N.D. Ill. 2001) ("[Defendant's] failure to pay the incremental salary and benefits to which [plaintiff] believed he was entitled was unjust the moment the services were rendered."); *GSGSB, Inc. v. N.Y. Yankees*, 862 F. Supp. 1160, 1171 (S.D.N.Y. 1994) ("a cause of action for quantum meruit begins to run when the final service has been performed"); *Wint v. Fields*, 177 A.D.2d 425, 576 N.Y.S.2d 266 (N.Y. App. Div. 1991) (distinguishing between accrual of cause of action for breach of contract "when defendant . . . refused plaintiffs' demand for payment" and accrual of cause of action for unjust enrichment "when [plaintiff's] performance was completed and accepted"); *Freedman v. Beneficial Corp.*, 406 F. Supp. 917, 923 (D. Del. 1975) ("plaintiff had a right to sue under [the quasi-contract] theory as soon as defendants began using his idea for their benefit").

In *Baer*, which *Thompsen* discusses at length, the plaintiff alleged that he provided services that were to be compensated on a "success" fee basis -- *i.e.*, only if the use to which they were put by the defendant proved successful. *Baer v. Chase*, 392 F.3d

- 9 -

at 614. When the services were so used (as part of a television series) many years after they were rendered, the plaintiff sued. *Id*. The Third Circuit held his claim for unjust enrichment was barred, because the limitations period began to run upon his "last rendition of services" and had terminated long before he sued, although there had been no refusal to pay at that time. *Id.* at 623.

The *Thompsen* court found that the "general analysis in *Baer* of the unjust enrichment doctrine is consistent with our precedents, and its approach to the statute of limitations issue is founded upon case law elsewhere and apparently represents the *generally accepted* approach." *Thompsen*, 878 A.2d at 1225 (emphasis added). Given the *Thompsen* court's reliance on *Baer* and like cases, there are substantial grounds for difference of opinion as to when an unjust enrichment claim such as Vila's accrues. The alleged services for which Vila seeks relief were completed by August 2003, more than three years before he sued. If the IIC did not unequivocally refuse to pay Vila before October 26, 2003 because its communications before then suggested that some compensation might be forthcoming in the form of success fee if a new contract were executed (*see* Order at 16), then, on the facts alleged by Vila, there never was a refusal to pay him. The alleged communications to Vila after October 26, 2003, including Ms. Vallejo's November 4, 2003 communication, did not rule out such a success fee. In these circumstances, it would not be unreasonable to read *Thompsen* as providing that the "last services rendered" test for accrual of Vila's unjust enrichment cause of action should apply. Indeed, Judge Urbina of this Court recently relied on *Thompsen* (as well as *Zic* and *Baer*) to hold that a plaintiff's claim for unjust enrichment accrued when the plaintiff provided his services to the defendant. *See McQueen v. Woodstream Corp.*, 244 F.R.D.

- 10 -

26, 36 (D.D.C. 2007) ("Because the clock began to run in 1992 upon the presentation of the plaintiff's product to the defendant, this claim [for unjust enrichment] expired . . . over ten years ago in 1995.").

Even if this Court believes there is little reason to doubt that it applied the correct statute of limitations test, certification of the Order is still justified under Section 1292(b). *See, e.g., In re Vitamins Antitrust Litigation*, No. 99-197 TFH, 1285, 2000 WL 33142129, at *2 (D.D.C. Nov. 22, 2000) ("Although this Court firmly believes that the facts of this case warrant a ruling in favor of application of the Federal Rules . . . , the Court recognizes that the arguments in support of the opposite conclusion are not insubstantial."); *Mest*, 2004 WL 1058155, at *1 ("Although the Court is confident that the Order is correct, substantial ground for difference of opinion as to its correctness exists."); *Brown v. Texas & Pac. R.R.*, 392 F. Supp. 1120, 1126 (W.D. La. 1975) ("Although in the Court's mind there does not exist the strong possibility that the Memorandum Ruling was incorrect, the Court recognizes that its ruling does involve a controlling question of law as to which there is a substantial ground for difference of opinion.")

Where, as here, "proceedings that threaten to endure for several years depend on an initial question of jurisdiction, *limitations*, or the like, certification may be justified at a relatively low threshold of doubt." 16 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure; Jurisdiction 2d* § 3930, at 422 (2d ed. 1996) (emphasis added) (also noting that the "level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the

question in the context of the specific case."); *see also APCC Servs.*, 297 F. Supp. 2d at 107 (a relatively low level of uncertainty may justify certification in some cases).

In the context of this case, where the sole remaining cause of action is already on appeal, and action in this Court is thereby stayed, there are extremely strong reasons to certify the Order even if the Court perceives only a narrow ground for difference of opinion. *See Beaty v. Republic of Iraq*, No. 03-0215 (JDB), 2007 WL 1169333 (D.D.C. Apr. 19, 2007) (granting motion to certify under Section 1292(b) without discussing any substantial ground for difference of opinion; noting that the defendant had already appealed as of right on sovereign immunity grounds); *Colaizzi v. Walker*, No. 74 C 2130, 1986 WL 3595, at *1 (N.D. Ill. Mar. 13, 1986) ("The estoppel question by itself is probably not substantial enough to warrant immediate appeal.  However, because Walker is appealing our immunity ruling, we think it would serve judicial economy and materially advance ultimate determination of this litigation if we certified an appeal of the estoppel issue."); *Atl. City Elec. Co.*, 207 F. Supp. at 620 (finding that, where Section 1292(b)'s first and third criteria for certification are clearly met, a broad approach should be used to determine whether there is a substantial ground for a difference of opinion). As Judge Bates' recent decision in *Beaty* indicates, certification is the appropriate course of action given the posture of this case. *See Beaty*, 2007 WL 1169333, at *1-2.

**C.     An Immediate Appeal May Materially Advance The Ultimate Termination Of The Litigation.**

An immediate appeal on the statute of limitations issue will clearly advance the litigation because a reversal would result in dismissal of the last remaining cause of action. *See*, *e.g.*, *United States v. Philip Morris USA, Inc.*, 396 F.3d 1190, 1193 (D.C.

Cir. 2005). An immediate appeal now would also be in the interest of efficiency. *See Rendall-Speranza v. Nassim*, 107 F.3d 913, 916 (D.C. Cir. 1997) (granting pendant jurisdiction because, "if the appellants have a valid defense in the statute of limitations, then the court can both economize on judicial resources and avoid resolving their claims of immunity"); *Abur v. Republic of Sudan*, 437 F. Supp. 2d 166, 169-170 (D.D.C. 2006) (certifying an order for appeal "[i]n the interest of conserving judicial resources"); *Maciariello v. Sumner*, 973 F.2d 295, 296-97 (4th Cir. 1992) (reviewing protected speech issue certified for interlocutory appeal together with related issue of qualified immunity).

Because the IIC will be exercising its appeal as of right on the immunity issue, if the Order is not certified, the parties will run the risk of having to prosecute one appeal, return to this Court after that appeal is concluded to litigate the statute of limitations issue (assuming the appeal is not decided in the IIC's favor), and then return again to the D.C. Circuit to appeal the statute of limitations issue which could have been certified at this time. And there is no benefit to denying certification, since this Court is divested of jurisdiction to conduct further proceedings in this case pending appeal from the Order with respect to the IIC's immunity. *See Princz v. Fed. Republic of Germany*, 998 F.2d 1, 1 (D.C. Cir. 1993) (denying emergency motion for stay of proceedings in district court as unnecessary where appeal had been noticed on immunity grounds and, thus, "the district court may not proceed to trial until the appeal is resolved") (internal citations omitted); *Beaty*, 2007 WL 1169333, at *2 ("[A]ll proceedings likely *must* be stayed because an appeal from the denial of a motion to dismiss on sovereign-immunity grounds . . . divests the district court of jurisdiction over the entire case."); *Abur*, 437 F. Supp. 2d at 170 (staying *sua sponte* further proceedings in light of interlocutory appeal on jurisdictional

issues); *Intel Corp. v. Commonwealth Scientific & Indus. Res. Org.*, No. 05-01886, 2005 U.S. Dist. LEXIS 42967, at *4 (N.D. Cal. Nov. 14, 2005) ("[T]he denial of a motion to dismiss for foreign sovereign immunity is an immediately appealable collateral order. . . . As such, upon the filing of a notice of appeal, the district court is divested of jurisdiction over the case, pending the appellate court's resolution of the appeal.") (citations omitted).

Accordingly, it is in the interests of efficiency and judicial economy, consistent with the objectives of Section 1292(b), to ensure that the Court of Appeals will be able to consider at the same time both legal questions relating to the sole remaining claim in this case. *See Parker v. Clarke*, 910 F. Supp. 460, 462 (E.D. Mo. 1995) ("[I]n view of the appeal as of right on the qualified immunity issue . . . and the other dispositive determinations dealt with below . . . § 1292(b) certification advances the ultimate disposition of the litigation by allowing a unitary appeal of the Court's substantive determinations as to liability."); *Gionis v. Javitch, Block & Rathbone*, No. 2:04-cv-1119, 2005 US. Dist. LEXIS 35573, at *10 (S.D. Ohio Dec. 14, 2005) ("[I]f the statutory requirements for an interlocutory appeal have been met, appellate courts have often agreed to expand the scope of appellate review, deciding issues in addition to those immediately appealable under the collateral order doctrine.") (citations omitted).

Because this case cannot proceed further in this Court until the immunity issue is resolved by the Court of Appeals, and because the related statute of limitations issue is a controlling issue of law with respect to which there is a substantial ground for difference of opinion, the standards for certification under Section 1292(b) are met. Interests of judicial economy and efficiency justify certification of the Order for interlocutory appellate review.

## CONCLUSION

For the foregoing reasons, the Court should certify its February 22, 2008, Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Respectfully Submitted,

| | |
|---|---|
| *Of Counsel:* | /Nancy L. Perkins<br>Nancy L. Perkins (D.C. Bar No. 421574) |
| Sarah Fandell<br>Rafael Díaz Loyola<br>Inter-American Investment Corporation<br>1300 New York Ave., N.W.<br>Washington, D.C.  20577<br>(202) 623-3947 | Jennifer Risen (D.C. Bar No. 486559)<br>ARNOLD & PORTER LLP<br>555 Twelfth Street, N.W.<br>Washington, D.C.  20004<br>(202) 942-5000 |
| April 28, 2008 | *Counsel for Defendant*<br>*Inter-American Investment Corporation* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of April, 2008, a copy of the forgoing Motion for Certification Pursuant to 28 U.S.C. § 1292(b) and accompanying Memorandum of Points and Authorities was filed and served by operation of the Court's electronic filing system on:

    F. Douglas Hartnett
    Elitok & Hartnett, LLC
    2428 Wisconsin Ave., NW
    Washington, D.C.  20007

    *Attorney for the Plaintiff*

                                                  /s/ Nancy L. Perkins
                                                  Nancy L. Perkins

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JORGE VILA, )<br>           Plaintiff, )<br>)<br>v. )<br>)<br>INTER-AMERICAN INVESTMENT )<br>CORPORATION, )<br>)<br>           Defendant. )<br>) | Case No. 1:06-CV-02143 (RBW) |

## **[PROPOSED] ORDER**

On February 22, 2008, this Court issued a Memorandum Opinion and Order dismissing all of Plaintiff's claims except his claim for unjust enrichment. Upon consideration of Defendant's Motion for Certification Pursuant to 28 U.S.C. § 1292(b), any opposition thereto, and for good cause shown, it is hereby

ORDERED that the Court hereby determines that there exists a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation; and it is therefore

ORDERED that Defendant's Motion for Certification Pursuant to 22 U.S.C. § 1292(b) is hereby GRANTED. The Court's February 22, 2008 Order shall be amended accordingly.

IT IS SO ORDERED this ___ day of _____, 2008.

_____
United States District Judge

- 2 -

This Order shall be served on the following:

Nancy L. Perkins
Jennifer Risen
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C.  20004

Sarah Fandell
Rafael Díaz Loyola
Inter-American Investment Corporation
1300 New York Ave., N.W.
Washington, D.C.  20577

F. Douglas Hartnett
Elitok & Hartnett, LLC
2428 Wisconsin Ave., NW
Washington, D.C.  20007