UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JORGE VILA,<br>　　　　Plaintiff,<br><br>　　v.<br><br>INTER-AMERICAN INVESTMENT<br>CORPORATION,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>) Case No. 1:06-CV-02143 (RBW)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF"S OPPOSITION TO DEFENDANT"S MOTION FOR
CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

**INTRODUCTION**

Defendant has moved to certify the issue of whether Plaintiff's claim for unjust enrichment should be barred by the statute of limitations. Because Plaintiff does not dispute the that the Statute of Limitations is a controlling issue of law, as argued in section A of Defendant's Motion, we will not address it here. Plaintiff disagrees however that there is substantial grounds for difference of opinion on the legal issue Defendant presents, as well as that considering the issue at this stage of the litigation would materially advance the ultimate termination of the litigation. Plaintiff therefore opposes Certification of the Statute of Limitations issue and makes the following argument in support of that opposition.

**ARGUMENT**

The Defendant argues that there is substantial ground for difference of opinion as to a controlling issue of law, specifically when the statute of limitations period for the

unjust enrichment claim should begin. In order to satisfy this requirement for a Certification, the Defendant attempts to create a dichotomy where one does not exist. Unfortunately, the question defendant poses is not present in this case, just as it was not present in the case they argue creates the ambiguity they rely on for their appeal.

Despite Defendant's characterization of *News World Communications v. Thompsen*, 878 A.2d 1218 (D.C. 2005), this Court's ruling on the issue of when a claim for unjust enrichment accrues is actually quite clear. As the court stated, relying on precedent from various jurisdiction which had examined the issue, the action accrues when the enrichment becomes unjust. As the *Thompsen* Court noted:

> "[T]he cause of action [for unjust enrichment] accrues upon presentment and subsequent rejection of a bill for services, or as soon as the services were rendered." *Zic v. Italian Gov't Travel Office,* 149 F.Supp.2d 473, 476 (N.D.Ill. 2001). The court in *Zic* emphasized that "the essence of a *quantum meruit* claim... is not the plaintiff's expectancy of payment, but the unjust enrichment of the defendant," and held that the defendant was unjustly enriched when the services were rendered and when payment was refused. *Id.* A claim for unjust enrichment only accrues, however, when the enrichment becomes unjust; the statute of limitations "starts to run upon the occurrence of the wrongful act giving rise to a duty of restitution." *Congregation Yetev Lev D'Satmar, Inc. v. 26 Adar N.B. Corp.,* 192 A.D.2d 501, 596 N.Y.S.2d 435, 437 (2d Dept.1993).
>
> *Thompsen*, at 1223.

The facts in the pleadings related to the determination of when the enrichment of the Defendant became unjust exactly mirror those in the *Thompsen* because there was an absolute refusal of payment on November 4, 2003. Memorandum Opinion, p. 17. The reasoning of *Thompsen* was based on the combination of completion of services *and* refusal of payment. Where both exist, there is a clear point in time where the enrichment becomes unjust, and there is no question of when the statute begins to run.

The defendant attempts to cloud this clarity by introducing *Baer v. Chase*, 392 F.3d 609 (3rd Cir. 2004). In that case the Court was presented with facts where there was no discrete point where the enrichment became unjust until some four years after the completion of the rendering of services. The plaintiff argued that the discovery rule should apply, but the court refused, and ruled that the unjust enrichment claim accrued upon the last rendition of services by the plaintiff. *Baer* at 1223. The defendants attempt to argue that this distinction creates substantial ground for difference of opinion on an issue of law, when in fact, it is nothing more than a factual distinction. Had there never been an outright refusal to pay Mr. Vila, then perhaps there would be a basis form appealing the Court's decision based on a comparison to *Baer*. However, those are not the facts as plead in this case, and therefore, as with *Thompsen*, that problem was not, and is not before the Court.

It may be, once the facts have been fully developed that the law of *Baer* will become relevant, but until the factual record is fully developed the issue of when the enrichment became unjust is clearly settled by *Thompsen*. Unless and until the factual record implicates such a legal issue, however, consideration of an appeal on the basis of the legal issue in *Baer* and its ilk is not appropriate

## CONCLUSION

Therefore, because the factual pleadings put this case squarely in the law of *Thompsen*, the binding precedent in this jurisdiction, and do not include any factual similarity – but rather distinguish this case – to ones that might create a legal issue about

which there is substantial ground for a difference of opinion, the issue of the statute of limitations should not be certified.

                                    Respectfully submitted,

                                    /s/ F. Douglas Hartnett
                                  F. Douglas Hartnett
                                  D.C. Bar No. 466851
                                  ELITOK & HARTNETT, LLC
                                  2428 Wisconsin Ave., N.W.
                                  Washington, D.C. 20007
                                  (202) 965-0529
                                  *Counsel for Plaintiff Jorge Vila*

Dated May 14, 2008