**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JORGE VILA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTER-AMERICAN INVESTMENT )<br>CORPORATION, )<br>)<br>Defendant. )<br>) | Case No. 1:06-CV-02143 (RBW) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO**
**MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

**INTRODUCTION**

Defendant Inter-American Investment Corporation ("IIC"), by and through its counsel, hereby replies to the opposition of Plaintiff Jorge Vila ("Vila") to the IIC's motion pursuant to 28 U.S.C. § 1292(b) ("Section 1292(b)") for certification of the Court's Order dated February 22, 2008 (the "Order").

Vila concedes that the Order presents a controlling issue of law -- *i.e.*, when the limitations period begins to run on a claim for unjust enrichment under circumstances such as those alleged in the Complaint. (Opp. at 1.) Vila nevertheless argues that the Order should not be certified because, in his view, there is no substantial ground for difference of opinion on that issue. (*Id.*) But Vila fails to confront the analysis presented by the IIC as to why a substantial ground for difference of opinion exists. His opposition simply ignores that analysis, as well as the IIC's arguments as to why immediate appellate review of the statute-of-limitations issue would materially advance the ultimate

termination of the litigation. The opposition provides no valid basis for denying the IIC's motion.

## ARGUMENT

### A. Vila Ignores the Essence of the IIC's Argument as to Why a Substantial Ground for Difference of Opinion Exists.

Vila's entire opposition is based on the proposition that the facts of this case "exactly mirror" those in *News World Communications, Inc. v. Thompsen*, 878 A.2d 1218 (D.C. 2005), and thus, according to him, "there is no question of when the statute beg[an] to run" on his unjust enrichment claim. (Opp. at 2.) Specifically, Vila contends that, because the court in *Thompsen* held that the limitations period on the plaintiff's unjust enrichment claim began to run when the plaintiff had both completed her services and been told she would not be paid, it is clear here that the limitations period commenced on November 4, 2003, when a representative of the IIC told Vila he would not be paid for his previously completed services absent a contract. (*Id*.) But the IIC's November 4, 2003 refusal, unlike the refusal to pay in *Thompsen*, was one of *several* refusals to pay. Thus, the facts of this case present a question that did not exist in *Thompsen*, *i.e.*, *which* refusal, *if any*, marks the commencement of the applicable three-year limitations period.

In answering that question, this Court found that the IIC's refusals to compensate Vila that were communicated prior to October 26, 2003 (*i.e.*, three years before the filing of his complaint), were not "sufficiently unequivocal" to trigger the limitations period because they suggested that Vila might be compensated for "some work" on a "success fee" basis pursuant to a future contract. Order at 16. However, as the IIC pointed out in its memorandum supporting the instant motion, the November 4, 2003 refusal that the

Court found "sufficiently unequivocal" to trigger the limitations period did not include a refusal to compensate Vila through such a "success fee." *See* Pl.'s Mem., Ex. 2 (Translated Nov. 4, 2003 email from Alejandra Vallejo to Jorge Vila). Nor did any of the other, subsequent IIC communications with Vila referenced in the Complaint rule out such a "success fee." Thus, under *Thompsen*, if the reason the IIC's pre-November 4, 2003 communications did not trigger the limitations period is that they left open the possibility that Vila would be paid under a future contract providing for a "success fee," neither would the November 4, 2003 communication or any of the subsequent IIC communications referred to in the Complaint (including its attachments) trigger the limitations period.

What act, then, should trigger the limitations period on Vila's unjust enrichment claim? That is the question raised by the Order as to which there is a substantial ground for difference of opinion. As the Order itself states, "[a] 'cause of action [for unjust enrichment] accrues upon presentment and subsequent rejection of a bill for services, *or as soon as the services were rendered*.' " *Id*. at 17 (quoting *Thompsen*, 878 A.2d at 1223) (internal citations omitted) (emphasis added). The Order itself thus suggests that the triggering act might be the completion of Vila's services, which occurred by August 2003. *See, e.g., Baer v. Chase*, 392 F.3d 609, 623 (3d Cir. 2004) (applying the "last rendition of services" test for accrual of an unjust enrichment cause of action where a "success fee" was promised but never materialized). Although Vila argues that *Baer* has no relevance, he fails to confront the IIC's explicit explanation as to why the Order's findings render *Baer*'s statute of limitations test -- which, as the *Thompsen* Court

observed, "apparently represents the generally accepted approach," *Thompsen*, 878 A.2d at 1225 -- highly relevant.

In sum, Vila provides no meaningful argument to support his contention that there is no ground for substantial difference of opinion concerning the statute-of-limitations issue in this case.

### B.   Vila Presents No Other Basis for Denying the IIC's Motion.

Vila also provides no other ground to deny the IIC' motion.  He declares that he disagrees with the IIC that appellate consideration of the statute of limitations issue at this stage would materially advance the ultimate termination of the litigation (Opp. at 1), but he nowhere explains why.  At most, he suggests that because, in his view, there is no substantial ground for difference of opinion on the issue based on the facts alleged in the Complaint, material advancement of the litigation requires discovery.  (*See id*. at 3.)  But, as the IIC noted in its memorandum supporting the instant motion, where, as here, "proceedings that threaten to endure for several years depend on an initial question of jurisdiction, *limitations*, or the like, certification may be justified at a relatively low threshold of doubt."  16 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure; Jurisdiction 2d* § 3930, at 422 (2d ed. 1996) (emphasis added).

As the IIC also emphasized and Vila completely ignores, given that the Court of Appeals already has before it the unjust enrichment claim -- the sole remaining cause of action in this case -- and action in this Court is thereby stayed, there are extremely strong reasons to certify the Order even if the Court perceives only a narrow ground for difference of opinion.  *See Beaty v. Republic of Iraq*, No. 03-0215 (JDB), 2007 WL

1169333 (D.D.C. Apr. 19, 2007) (granting Section 1292(b) motion where the defendant had already appealed as of right on sovereign immunity grounds, without discussing any substantial ground for difference of opinion); *Colaizzi v. Walker*, No. 74 C 2130, 1986 WL 3595, at *1 (N.D. Ill. Mar. 13, 1986) (granting Section 1292(b) motion, although the ground for substantial disagreement was "probably not substantial enough to warrant immediate appeal," because the defendant was already appealing on immunity grounds); *Atl. City Elec. Co. v. Gen. Elec. Co.*, 207 F. Supp. 613, 620 (S.D.N.Y. 1962) (applying a broad standard to find a substantial ground for a difference of opinion where the other two criteria for certification under Section 1292(b) were clearly met).

An immediate appeal on the statute of limitations issue would obviously advance the litigation if the appellate court were to reverse the Order on statute-of-limitations grounds, as such reversal would require dismissal of the last remaining cause of action. Vila cannot and does not attempt to contest this.  And, because this case cannot proceed further until the Court of Appeals rules on the immunity issue now pending before it, there is no reason to delay consideration of whether such reversal is warranted.  In light of the procedural status of the case, interests of judicial economy and efficiency -- the primary goals of Section 1292(b) -- plainly justify certification of the Order for interlocutory appellate review.

## CONCLUSION

Vila has presented no meritorious basis to deny the IIC's motion for certification pursuant to 28 U.S.C. § 1292(b).  The motion should be granted.

Respectfully Submitted,

*Of Counsel:*                              /Nancy L. Perkins_____
                                           Nancy L. Perkins (D.C. Bar No. 421574)
Sarah Fandell                              Jennifer Risen (D.C. Bar No. 486559)
Rafael Díaz Loyola                         ARNOLD & PORTER LLP
Inter-American Investment Corporation      555 Twelfth Street, N.W.
1300 New York Ave., N.W.                   Washington, D.C.  20004
Washington, D.C.  20577                    (202) 942-5000
(202) 623-3947

                                           *Counsel for Defendant*
May 28, 2008                               *Inter-American Investment Corporation*

- 7 -

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of May, 2008, a copy of the forgoing Reply to Plaintiff's Opposition to Motion for Certification Pursuant to 28 U.S.C. § 1292(b) was filed and served by operation of the Court's electronic filing system on:

F. Douglas Hartnett
Elitok & Hartnett, LLC
2428 Wisconsin Ave., NW
Washington, D.C.  20007

*Attorney for the Plaintiff*

      /s/ Nancy L. Perkins
      Nancy L. Perkins