**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                        )
JORGE VILA,                                   )
                                                        )
        Plaintiff,                                  )
                                                        )
    v.                                                 )          Civil Action No. 06-2143 (RBW)
                                                        )
INTER-AMERICAN INVESTMENT,        )
CORPORATION,                             )
                                                        )
        Defendant                               )
                                                        )
_____)

**MEMORANDUM OPINION**

On February 22, 2008, this Court issued a Memorandum Opinion and Order (the "Order")

dismissing all of the plaintiff's claims except for his claim of unjust enrichment.  See Vila v.

Inter-American Inv. Corp., 536 F. Supp. 2d. 41 (D.D.C. 2008).  Contending that there is a

substantial basis to dispute this Court's rejection of its statute of limitations defense in support of

the dismissal of the plaintiff's unjust enrichment claim and that the resolution of that issue would

materially advance the completion of this litigation, the defendant now asks the Court to certify

the Order for an immediate appeal pursuant to 28 U.S.C. § 1292(b) (2006).  Defendant's Motion

for Certification ("Def.'s Mot.").  The plaintiff opposes the motion, Plaintiff's Opposition to

Defendant's Motion for Certification Pursuant to 28 U.S.C. § 1292(b) ("Pl.'s Opp'n"), and the

defendant has filed a reply, Defendant's Reply to Plaintiff's Opposition to Motion for

Certification Pursuant to 28 U.S.C. 1292(b) ("Reply").

After careful consideration of the filings submitted by the parties, the Court concludes

that although the Order from which the defendant seeks to appeal involves a controlling question

of law and an immediate appeal may materially advance the ultimate resolution of this litigation,

there is no substantial ground for a difference of opinion as to the controlling question of law.

The Court will therefore deny the defendant's motion for certification of the Order to permit an

immediate appeal.

## I. Background

The plaintiff, Jorge Vila, initiated this action against the defendant, Inter-American

Investment Corporation ("IIC"), an international organization that "enjoy[s]...immunity from suit

and every form of judicial process" under the International Organizations Immunities Act

("Immunities Act") , 22 U.S.C. § 288a(b) (2006).  The plaintiff alleged that the defendant failed

to compensate him for services performed between January and August, 2003, Compl. ¶4, and

has filed this action asserting four causes of action, including a claim for unjust enrichment.  Id.

¶1.

The defendant moved to dismiss all four claims based on its immunity provided by the

Immunities Act, and also asserted a statute of limitations bar to the unjust enrichment claim.  In

partially denying the defendant's motion to dismiss, the Court first determined that the defendant

had waived its statutory immunity as to the plaintiff's unjust enrichment claim, and that the

unjust enrichment claim was timely filed because the applicable three-year limitations period did

not begin to run until November 4, 2003, when the defendant unequivocally refused to

compensate the plaintiff for his services.  Order at 10, 15-16.  The defendant then filed its notice

of appeal of the Order on March 21, 2008, Docket ("Dkt.") #15 (Notice of Appeal), and on April

28, 2008, filed its motion seeking certification of the Order for an interlocutory appeal to

challenge this Court's rejection of its statute of limitations defense.

## II. Legal Analysis

A district court may in its discretion certify an order for interlocutory appeal when: (1) the order involves a controlling question of law, (2) as to which a substantial ground for difference of opinion concerning the ruling exists, and (3) an immediate appeal would materially advance the disposition of the litigation.  See 28 U.S.C.  § 1292(b); see also APCC Servs., Inc. v. Sprint Commc'ns Co., 297 F. Supp. 2d 90, 95 (D.D.C. 2003) (citing Walsh v. Ford Motor Co., 807 F.2d 1000, 1002 n.2 (D.C. Cir. 1986)) (additional citation omitted).  The party seeking interlocutory review has the burden of establishing all three elements to merit "departure from the basic policy of postponing appellate review until after the entry of a final judgment."  APCC Servs., 297 F. Supp. 2d at 95 (citation and internal quotations omitted).

### A.

There is no dispute that a statute of limitations challenge raises a controlling question of law in the sense that a ruling on the challenge "would terminate an action if the district court's order were reversed."  APPC Servs., 297 F. Supp. 2d at 96; see Pl.'s Opp'n at 1.  Therefore the two remaining conditions of § 1292(b) certification must also be addressed.

### B.

The plaintiff disputes the defendant's position that there will be any material advancement of the resolution of this litigation through certification, Pl.'s Opp'n at 1, but fails to provide any argument supporting this view.  The defendant, on the other hand, opines that efficiency and judicial economy will be advanced by certifying the statute of limitations issue for an interlocutory appeal.  Def.'s Mot. at 13.  Undoubtedly, the salutary objective of "avoid[ing] piecemeal review" would be aided by allowing an immediate appeal of this Court's statute of

limitations ruling, as the Court's rulings on the defendant's immunity defense is currently before

the District of Columbia Circuit.  See  Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group,

233 F. Supp. 2d 16, 20 (D.D.C. 2002) (noting high §1292(b) standard necessary to overcome

"strong congressional policy against piecemeal review" (quoting U.S. v. Nixon, 418 U.S. 683,

690 (1974))).  Moreover, there would be no danger of "obstructing or impeding this judicial

proceeding," id.  (citation and internal quotations omitted), by granting certification as the

defendant's appeal on immunity grounds divests this Court of jurisdiction over the plaintiff's

unjust enrichment claim resulting from the defendant's appeal of the Court's ruling on the

immunity defense to this claim.  See Princz v. Fed. Republic of Germany, 998 F.2d 1 (D.C. Cir.

1993) (per curiam).

More importantly, allowing the defendant to make an immediate appeal could assist in

the resolution of this case.  See Rendall-Speranza v. Nassim, 107 F.3d 913, 916 (D.C. Cir. 1997)

(exercising pendant jurisdiction because "if the appellants have a valid defense in the statute of

limitations, then the court can both economize on judicial resources and avoid resolving their

claims of immunity").  Unlike cases where the posture of a case post-appeal would be nearly

identical regardless of the outcome, see, e.g., U.S. ex rel. Pogue v. Diabetes Treatment Centers of

America, 576 F. Supp. 2d 128, 133 (D.D.C. 2008) (denying certification where trial still

necessary regardless of the outcome on appeal); U.S. v. 803 Capitol St., No. 06-1710(GK), 2007

WL 1232188, at *1 (D.D.C. Apr. 26, 2007) (denying certification where reversal of stay order

would merely restart discovery), here, if New World Commc'ns, Inc. v. Thompsen, 878 A.2d

1218 (D.C. 2005) were construed on appeal as adopting an "as soon as services rendered" test as

the determination for the start of the running of the statute of limitations for an unjust enrichment

claim, then the defendant would be afforded a valid statute of limitations defense to the claim

that would terminate this litigation independent of its immunity defense.  Accordingly,

certification of the statute of limitations issue would materially advance this litigation if there is a

substantial ground for a difference of opinion on the issue.

### C.

Having determined whether the two prongs addressed above warrant certification,

resolution of the defendant's request turns on whether it has satisfied the final prong of 28 U.S.C.

§ 1292(b), i.e., is there a substantial ground for a difference of opinion concerning when the

statute of limitations as to the plaintiff's unjust enrichment claim started to run.  In resolving this

issue, this Court relied on the District of Columbia Court of Appeals' decision in Thompsen, 878

A.2d 1218.  Thompsen decided on first impression a "novel and difficult" statute of limitations

question on which the Court in Thompsen noted  "reasonable minds could differ." Id. at 1219.

This Court interpreted Thompsen to hold that on the facts presented there, that an unjust

enrichment claim accrues when enrichment becomes unjust as determined by the point in time

when payment has been refused.  Order at 15-16.  The defendant questions this Court's

interpretation of the facts presented here, and whether the standard employed by this Court for

claim accrual of the plaintiff's unjust enrichment claim is justified by Thompsen.

The Court recognizes that while the factual determination that the existence of a specific

refusal to compensate the plaintiff brings this case under Thompsen's purview, the defendant has

gone beyond disputing this factual determination by presenting arguments about the clarity of the

Thompsen holding.  Specifically, the defendant argues that (1) Thompsen itself is ambiguous as

to whether an unjust enrichment claim accrues "as soon as the services were rendered," (2)

Thompsen did not resolve (or need to resolve) that ambiguity, (3) Thompsen, in part, relies on

precedent from other Circuit Courts which use the "as soon as rendered" test, (4) another Court

in this Circuit has interpreted Thompsen to require an "as soon as the services were rendered"

standard, and (5) based on these grounds, certification would be justified without regard to the

Court's belief that the test it employed is correct.  Def.'s Mot. at 6-11 (citations omitted).  On the

other hand, the plaintiff argues that the facts of this case place it squarely under the test employed

by Thompsen and distinguish the circumstances in Thompsen from those cases that might create

a substantial ground for difference of opinion as to when a claim for unjust enrichment accrues.

Pl.'s Opp'n at 2-3.

(1) Ambiguity and the scope of Thompsen

In asserting that the ruling in Thompsen is ambiguous, the defendant first focuses on the

statement in Thompsen and quoted in this Court's Order that "the cause of action [for unjust

enrichment] accrues upon presentment and subsequent rejection of a bill for services, or as soon

as the services were rendered", Order at 17 (emphasis added), as creating ambiguity as to

whether the statute of limitations begins running when services are rendered, or only when

payment has been refused.  Although the Thompsen Court may have created some confusion by

this statement, another passage in Thompsen clarifies that the case Thompsen cited when quoting

this language actually held that the unjust enrichment claim accrued when services were rendered

and when payment was refused.  878 A.2d at 1223 (noting that "[t]he court in Zic [v. Italian

Gov't Travel Office, 149 F. Supp. 2d. 473, 476 (N.D. Ill. 2001)] emphasized that 'the essence of

a quantum meruit claim ... is not the plaintiff's expectation of payment, but the unjust enrichment

of the defendant,' and held that the defendant was unjustly enriched when the services were

6

rendered and when payment was refused.") (emphasis added). The Thompsen Court went on to

immediately state: "a claim … only accrues, however, when the enrichment becomes unjust; the

statute of limitations starts to run upon the occurrence of the wrongful act giving rise to a duty of

restitution." Id. (citation and internal quotations omitted).

The language relied upon by the defendant cannot be considered in a vacuum and to do so

distorts the Thompsen ruling, and does not create a ground of substantial difference. Moreover,

other portions of the Thompsen opinion clearly support this Court's interpretation of the ruling.

Thompsen states at the outset that "the statute of limitations begins to run when the plaintiff's

last service has been rendered and compensation has been wrongfully withheld." Id. at 1219

(emphasis added). Additionally, the Court stated that "unjust enrichment occurs when: … under

the circumstances the defendant's retention of the benefit is unjust." Id. at 1222. Further, the

Thompsen Court noted that "the statute of limitations starts to run upon the occurrence of the

wrongful act giving rise to a duty of restitution." Id. at 1223 (citation and internal quotations

omitted).  In adopting a last service and wrongful withholding standard on the facts of that case,

the Thompsen Court focused on the date when the last service had been performed,

compensation had been refused, and the benefit of the service had been conferred. Id. at 1225. It

also used language such as "by the time the [defendant] refused to accommodate [the plaintiff]"

in analyzing the presence of unjustness. Id. at 1226. A comprehensive reading of Thompsen

therefore leads this Court to conclude that there is no ambiguity in Thompsen's holding, its

application to the facts of that case, and the facts of this case as well.

The defendant also seeks support for its position from a footnote in Thompsen ("Footnote

7"), which states "we need not decide whether the statute of limitations would have begun to run

if the last service had been rendered but if the [defendant] had not communicated to [the

plaintiff] its refusal to compensate her." Id. at 1225.  As the plaintiff has noted, this is not a case

where a refusal was not communicated.  Pl.'s Opp'n at 2.  The defendant objects to the Court's

reasoning in finding that there had not been a refusal of payment in its pre-November 4, 2003

communications to the plaintiff because those communications allow for compensation on a

"success fee" basis.  Def.s' Mot. at 8-9.  The defendant argues that such reasoning also applies to

the remaining communications with the plaintiff, and therefore no actual refusal of payment

occurred.  Id.  The Court's finding on this point, however, raises a factual question as compared

to a § 1292(b) legal ground for a difference of opinion as to when an unjust enrichment claim

accrues.[1]  In any event, Footnote 7 addresses a scenario that is not present in this case, as the

record is clear that it was on November 4, 2003, when the defendant unequivocally indicated its

intention not to pay the plaintiff for his services, having failed to unequivocally do so before that.

(2) Conflict with other Circuits and within this Circuit

The defendant's next concern is a possible conflict between this Court's ruling and the

position of other Circuits.  The Thompsen Court explicitly stated that the analysis in Baer v.

Chase, 392 F.3d 609 (3d Cir. 2004), was "consistent with our precedents, and its approach to the

statute of limitations issue is founded upon case law elsewhere and apparently represents the

generally accepted approach."  Thompsen, 878 A.2d at 1225.  That generally accepted approach,

as described in Baer, is that those jurisdictions that have ruled on the applicability of the

---

[1] The argument about which, if any, of the relevant communications from the defendant amounted to an unequivocal refusal to pay the plaintiff does not, by itself, satisfy § 1292(b), because the argument raises a factual dispute, not a question of law.  See Lee v. Wolfson, 265 F. Supp. 2d 14, 19 (D.D.C. 2003) ("Although '[w]hat constitutes the accrual of a cause of action is a question of law,' determining when accrual occurs in a specific case is a question of fact." (citing Diamond v. Davis, 680 A.2d 364, 370 (D.C. 1996))).

discovery rule in unjust enrichment cases "have chosen not to utilize the discovery rule, but rather to employ a 'last rendition of services' test." 392 F.3d at 622-23. Baer, itself, also applied a last services rendered test. Id. at 623.

The defendant argues that, in this case, the last rendition of services test relied on in Baer and other relevant authority would have caused the statute of limitations clock to commence in August, 2003, immediately upon the completion of the plaintiff's services. Without a discovery rule to reset the start of the limitation period, the defendant argues that the filing of the plaintiff's unjust enrichment claim should have been ruled time-barred. Def.'s Mot. at 9-10. Thompsen did not apply a discovery rule but also did not follow the defendant's approach. Instead, it applies, for cases where there has been a refusal of payment, a statute of limitations period that commences with a refusal of compensation. Thompsen, 878 A.2d at 1219, 1225. This approach is consistent with precedent Thompsen relied on, which require, inter alia, the presence of elements that could support a suit. Id. at 1222. Although Thompsen leaves a range of factual situations undecided— cases where no actual refusal is expressed, or where a defendant had not yet benefitted from the plaintiff's efforts, for instance—it did decide that in cases where the "compensation has been wrongfully withheld," the statute of limitation begins to run when compensation is refused. Id. at 1219.

Another court in this circuit, while quoting the language in Thompsen that "the statute of limitations begins to run when the plaintiff's last service has been rendered and compensation has been wrongfully withheld," nonetheless held that the limitation time there began to run "upon the presentation of [the benefit] to the defendants." McQueen v. Woodstream Corp., 244 F.R.D. 26, 35-36 (D.D.C. 2007) (holding product developer's claim time-barred because "discovery rule…

does not apply to unjust enrichment claims" (citing Thompsen, 878 A.2d at 1225)).  McQueen,

however, is clearly distinguishable from this case on its facts as there was no communicated

refusal of payment and no close-in-time refusal to compensate.[2]  Thus, there is simply no conflict

as perceived by the defendant.  Any ambiguity in the Thompsen holding exists in the context of

the fact pattern presented in McQueen, but not in the factual situation in this case, which closely

resembles the facts presented in Thompsen and, thus, falls squarely under the clear and

unambiguous holding of Thompsen.  In other words, that another factual situation may raise

questions about what event triggers the running of the statute of limitations under Thompsen,

does not affect the clarity of the  issue presented to the Court in this case.  The defendant has

therefore failed to satisfy this final prong of § 1292(b).

### III.  Conclusion

For the reasons stated herein, the Court finds that the defendant has not satisfied all three

prerequisites for certification under 28 U.S.C. § 1292(b) and, therefore, it must **DENY** the

defendant's motion to certify the statute of limitations question for an interlocutory appeal.

Accordingly, it is hereby

**ORDERED** that the Defendant's Motion for Certification of the February 22, 2007 Order

addressing the defendant's statute of limitations defense to the plaintiff's unjust enrichment claim

is **DENIED**.

---

[2] McQueen appears to be precisely the type of factual situation without any communicated refusal of payment that the Thompsen Court did not address as noted in Footnote 7.  Moreover, the McQueen holding is a position supported by (the nearly identical) Baer decision and is consistent with the refusal of courts to apply a discovery rule in similar cases.

**SO ORDERED** this 26th day of January, 2009.$^{3}$

REGGIE B. WALTON
United States District Judge

---

$^{3}$An Order is being issued contemporaneously with this Memorandum Opinion.